IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE S. CHEVEZ, ET AL., § | |
| § | |
| Plaintiffs § | |
| § | |
| V. § | No. 3:12-cv-3686-L |
| § | |
| HSBC BANK USA, NATIONAL § | |
| ASSOCIATION AS INDENTURE § | |
| TRUSTEE FOR PEOPLES CHOICE § | |
| HOME LOAN SECURITIES TRUST § | |
| SERIES 2005-1, MORTGAGE-BACKED § | |
| NOTES, SERIES 2005-1, ET AL., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for determination of a motion to dismiss, pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. *See* Dkt. Nos. 5 & 11. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiffs Jose and Esterlina Chavez purchased their home at 1813 Pecan View Drive in Garland, Texas, on November 26, 2004. To finance the purchase, Plaintiffs executed a promissory note (the "Note") to People's Choice Home Loan, Inc. *See* Dkt. No. 1-1 at 20-22 of 55. The Note was secured by a Deed of Trust lien payable to the Lender, which was identified as People's Choice Home Loan, Inc. The Deed of Trust utilized a standard Fannie Mae/Freddie Mac form used in Texas for secured

-1-

transactions involving MERS. MERS was identified as Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting solely as the nominee for Lender and Lender's successors and assigns, and as a beneficiary under the Security Instrument. *See* Dkt. No. 1-1 at 25-40 of 55; Dkt. No. 7 at APP001-18. The Deed of Trust identified the role of MERS in securing the rights of the Lender, including its right to foreclose and sell the property, if necessary. *See* Dkt. No. 1-1 at 27 of 55; Dkt. No. 7 at APP003.

On February 8, 2012, MERS assigned the deed of trust to HSBC Bank USA, National Association as Indenture Trustee for Peoples Choice Home Loan Securities Trust Series 2005-1, Mortgage-Backed Notes, Series 2005-1 ("HSBC"). *See* Dkt. No. 1-1 at 42 of 55; Dkt. No. 7 at APP019. The assignment was recorded in the real property records of Dallas County, Texas. *See id.*

On April 3, 2012, the property was sold at a non-judicial foreclosure sale. According to the Substitute Trustee's Deed, HSBC was the current mortgagee of the Deed of Trust and JPMorgan Chase Bank N.A. was the mortgage servicer at the time of the sale. *See* Dkt. No. 7 at APP020-21.

Plaintiffs filed suit in the 193rd District Court of Dallas, naming HSBC and JPMorgan Chase Bank N.A. as defendants. In their Original Petition, Plaintiffs assert claims for declaratory judgment and to quiet title in their favor. *See* Dkt. No. 1-1. In support of those claims, Plaintiffs allege that Defendants violated the Texas Business and Commerce Code and Texas Finance Code. *See id.* at 13-14 of 55. Plaintiffs' claims are based on allegations that the Note and Deed of Trust were inseparable; therefore,

the foreclosure was invalid because Defendants allegedly failed to provide Plaintiff with proof of ownership of the Note, failed to file a proper assignment in the real property records, and failed to provide proof that they had standing to foreclose under the Deed of Trust. *See* Dkt. Nos. 1-1 & 8.

On September 11, 2012, Defendants removed the case to federal district court. *See* Dkt. No. 1. One week later, Defendants filed their Motion to Dismiss Plaintiffs' Complaint or, Alternatively, Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 5. Plaintiffs filed a response, and Defendants filed a reply in support of their motion. *See* Dkt. Nos. 8 & 10. Defendant's Rule 12(b)(6) motion is now fully briefed and ripe for determination.

The undersigned recommends that Defendants' motion to dismiss [Dkt. No. 5] should be granted with prejudice.

**Legal standards**

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "'attache[d] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of

the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.* In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988). However, "[i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

Here, the Defendants have filed with their motion to dismiss a copy of the Deed of Trust, Assignment of Deed of Trust, and Substitute Trustee's Deed. *See* Dkt. No. 7.

The first two documents were also attached to Plaintiffs' Original Petition. *See* Dkt. No. 1-1. These documents are a matter of public record that can be judically noticed in considering a 12(b)(6) motion. *See* FED. R. EVID. 201(b)(2) (a court may take judicial notice of a fact when "it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Because, at the very least, the documents attached to the motion to dismiss are matters of public record and therefore are subject to judicial notice, there is no need to convert Defendants' motion to dismiss into a motion for summary judgment.

## Analysis

In their Response to Defendants' Motion to Dismiss, Plaintiffs explain that they "filed the present lawsuit seeking declaratory relief that Defendants have no interest in Plaintiffs' promissory note concerning their residence and, therefore, no related right to foreclose on Plaintiffs' property. In connection with this claim, Plaintiffs also seek to quiet title to their property." Dkt. No. 8 at 1. They make no mention of the allegations in Plaintiff's Original Petition that Defendants violated the Texas Business and Commerce Code or Texas Finance Code. *See id.* Nevertheless, all of the allegations in their state court petition, including those of statutory violations, are based on the underlying arguments that Plaintiffs at times characterize as based on "uncertainty of who owns the Note and/or Deed of Trust," Dkt. No. 8 at 5, but that, at bottom, depend on the assertion that the Deed of Trust cannot be assigned separately from the Note and that Defendants failed to produce the Note, *see* Dkt. No. 1-1 at 13-17 of 55. Defendants respond that Plaintiffs have failed to state a claim upon which relief can

be granted because they seek to impose requirements on foreclosure that are not mandated under Texas law. *See* Dkt. No. 6 at 4 of 10.

I.   Plaintiffs' Chain-of-Title Argument

Plaintiffs initially challenge Defendants' standing to foreclose by attacking Defendants' chain of title. Plaintiffs allege that, because there is no recorded assignment of the Note or the Deed of Trust from the original lender to MERS, MERS did not have the legal ability to transfer, assign, or sell an interest in either instrument and that the assignment from MERS to HSBC was invalid and tainted the subsequent foreclosure.

An understanding of MERS and Texas law is critical to resolving this issue. Here, the role of MERS was clearly established in the Deed of Trust, as follows:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Interest, but, if necessary to comply with the law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender, including but not limited to, releasing and canceling this Security Instrument.

Dkt. No. 1-1 at 27 of 55; Dkt. No. 7 at APP003. The Court in *Richardson v. CitiMortgage, Inc.* provided a helpful explanation in a case in which the Court construed a deed of trust with identical language to the one in this case. *See* No. 6:10-cv-119, 2011 WL 4818556, at *1, 5 (E.D. Tex. Nov. 22, 2010); *see also Cannon v. JPMorgan Chase Bank, N.A.*, No. 4:11-cv-458, 2011 WL 6838615, at *4 (E.D. Tex. Nov. 16, 2011), *rec. adopted*, 2011 WL 6838614 (E.D. Tex. Dec. 29, 2011). The *Richardson* Court

> noted that the role of MERS has been the subject of federal multidistrict litigation in *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, 659 F. Supp. 2d 1368 (U.S. Jud. Pan. Mult. Lit. 2009). The MERS system is merely an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans. *Id.* at 1370. The system is designed to track transfers and avoid recording and other transfer fees that are otherwise associated with the sale. *Id.* at 1370 n.6. MERS is defined in Texas Property Code § 51.0001(1) as a "book entry system," which means a "national book system for registering a beneficial interest in security instrument and its successors and assigns." As noted in *Athey*, mortgage documents provide for the use of MERS and the provisions are enforceable to the extent provided by the terms of the documents.

2010 WL 4818556, at *5. "Under Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale." *Id.* (citing *Athey v. MERS*, 314 S.W.3d 161, 166 (Tex. App. – Eastland 2010, pet. denied)).

Against this background understanding, Plaintiffs' allegations about the authority of MERS to assign the Deed of Trust lack merit and are contradicted by the supporting documents attached to their state court petition. In the instant case, MERS was the nominee for People's Choice Home Loan, Inc. and its successors and assigns. Thus, MERS had the authority to transfer the rights and interests in the Deed of Trust to HSBC. The role of MERS in this case was consistent with the Deed of Trust, and there was no requirement for a separate assignment from the original lender to MERS, much less one that was recorded in the real property records of Dallas County. *See Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010) ("Under Texas law, there is no requirement that the deed of trust assignment be recorded.").

II.  Plaintiffs' "Split-the-Note" and "Show-Me-the-Note" Theories

In addition to Plaintiffs' challenge to the chain of title, Plaintiffs' primary argument underlying their claims is that the Note and Deed of Trust are inseparable; therefore, Plaintiffs allege, assignment of the deed of trust without a corresponding assignment of the Note was a nullity and renders the foreclosure proceeding invalid. This is contrary to well-established Texas law and has been rejected by Texas courts. *See, e.g.*, *Bennett v. JPMorgan Chase*, No. 3:12-cv-212-N, 2012 WL 2864751, at *3 (N.D. Tex. June 12, 2012), *rec. adopted*, 2012 WL 2864467 (N.D. Tex. July 12, 2012)*; Puig v. Citibank, N.A.*, No. 3:11-cv-0270-L, 2012 WL 1835721, at *5-*6 (N.D. Tex. May 12, 2012); *Wells v. BAC Home Loans Servicing, L.P.*. No: W-10-CA-350, 2011 WL 2163987, at * 2 (W.D. Tex. Apr. 26, 2011). Advocates of this show-me-the-note theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure. *See Clark v. Bank of America NA*, No. 3:12-cv-1277-N-BK, 2012 WL 4793465, at *7 (N.D. Tex. Aug. 1, 2012), *rec. adopted*, 2012 WL 4793439 (N.D. Tex. Oct 9, 2012) (citing cases). "Courts in this and neighboring districts have 'roundly rejected this theory ... because foreclosure statutes simply do not require possession or production of the original note.'" *Id.* (internal quotation marks omitted) (citing cases). The corollary "split-the-note" theory, likewise, "has enjoyed only a modicum of acceptance" and has not "been embraced by Texas state courts and federal courts that have addressed the issue and interpreted Texas law." *Summers v. PennyMac Corp.,* No. 3:12-cv-1235-L, 2012 WL 5944943, at *5 (N.D. Tex. Nov. 28, 2012).

Texas law differentiates between enforcement of a promissory note and foreclosure. Foreclosure enforces the deed of trust, not the underlying note. *See Slaughter v. Qualls*, 139 Tex. 340, 346, 162 S.W.2d 671, 675 (1942) (stating that the trustee derives its authority to sell solely from the deed of trust); *Aguero v. Ramirez*, 70 S.W.3d 372, 375 (Tex. App. – Corpus Christi 2002, pet. denied). It is an independent action against the collateral and may be conducted without judicial supervision. *See* TEX. PROP. CODE ANN. § 51.002 (West Supp. 2012)*; Tierra Sol Joint Venture v. City of El Paso*, 311 S.W.3d 492, 499 (Tex. App. – El Paso 2009, pet. denied) (noting that foreclosure is an *in rem* proceeding). Enforcement of the promissory note, on the other hand, is a personal action against the signatory and requires a judicial proceeding. *See* TEX. BUS. & COM. CODE § 3.401(a) (West 1996); *TrueStar Petroleum Corp. v. Eagle Oil & Gas Corp.*, 323 S.W.3d 316, 319 (Tex. App. – Dallas 2010, no pet.).

Furthermore, Texas courts have refused to conflate foreclosure with enforcement of a promissory note. "Where there is a debt secured by a note, which is, in turn, secured by a lien, the lien and the note constitute *separate obligations*." *Aguero*, 70 SW.3d at 374 (emphasis added). The right to recover on a note and the right to foreclose are severable and may be enforced separately. *See Carter v. Gray*, 125 Tex. 219, 221, 81 S.W.2d 647, 648 (1935).

Plaintiffs have "not cited to any statute or other authority that requires a mortgagee or mortgage servicer to produce the original note," and, "[t]o the contrary, the Texas Property Code allows either a mortgagee or mortgage servicer to administer a deed of trust foreclosure *without* production of the original note." *Ortiz v. Wells Fargo*

*Bank, N.A.*, No. 3:11-cv-2131-N-BD, 2011 WL 6097857, at *2 (N.D. Tex. Oct. 21, 2011), *rec. adopted*, 2011 WL 6058034 (N.D. Tex. Nov. 30, 2011) (citing cases); *see also Coleman v. Bank of America, N.A.*, No. 3:11-cv-430-G-BD, 2011 WL 2516169, at *2 (N.D. Tex. May 27, 2011), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. June 22, 2011) (same); *Broyles v. Chase Home Fin.*, No. 3:10-cv-2256-G, 2011 WL 1428904, at *3 (N.D. Tex. Apr. 13, 2011) ("The Property Code, therefore, contemplates that someone other than the holder of the original note – for example, a mortgage servicer who is not the mortgagee – may lawfully foreclose on the security interest, and the plaintiffs have not identified, and the court has not found, any provision in Chapter 51 of the Property Code that requires a mortgage servicer to produce the original note prior to foreclosure." (citation omitted)).

The only potentially relevant case law Plaintiffs offer on this issue is found in Plaintiffs' Original Petition, in which they cite and quote an 1892 Supreme Court case stating: "The note and mortgage are inseparable; the former as essential, the latter as an incident. An Assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." *Carpenter v. Longan*, 16 Wall. 271, 83 U.S. 271, 274 (1872). A sister court has explained in a similar case, however, that *Carpenter* is factually distinguishable because the loan at issue in *Carpenter* had not yet matured and was not a home mortgage in default. *See Reardean v. Citimortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *4 (W.D. Tex. July 25, 2011). Moreover, the *Reardean* Court pointed out that *"Carpenter* was written almost 120 years ago and has no relevance regarding whether, in this modern day and age, sending a deed of trust to

an electronic title-holding company for storage and transfer renders a mortgage invalid and unenforceable." *Id.*

Likewise, the three other cases cited in Plaintiff's state court petition are not on point. *See Baldwin v. State of Mo.*, 281 U.S. 586, 596 (1930) (Stone, J., concurring) (citing *Carpenter* and stating that transfer of security may be affected by recording laws in state where property located); *In re Leisure Time Sports, Inc.*, 194 B.R. 859, 861 (B.A.P. 9th Cir. 1996) (construing California law); *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619, 623 (Mo. Ct. App. E.D. 2009) (construing Missouri law).

Plaintiff's final argument is that the Note was not properly transferred to HSBC under the terms of HSBC's Pooling and Servicing Agreement. Dkt. No. 1-1 at 10-13 of 55. But, as discussed above, Defendants were not required to prove that they owned interests in the Note in order to enforce their rights under the Deed of Trust.

III.     Declaratory Judgment and Suit to Quiet Title Claims

Plaintiffs seek declaratory judgment that (1) Defendants are not and never have been the owner or holder of the Note; (2) Defendants do not know whether a default occurred and lack the authority to declare a default; (3) Defendants lack the authority to sell the property at foreclosure sale; (4) Defendants are not entitled to any proceeds of a foreclosure sale; and (5) Defendants cannot give a trustee's deed or a release of lien. *See* Dkt. No. 1-1 at 15-16 of 55. Defendants respond that Plaintiffs claim for declaratory relief must be dismissed because there is no justiciable controversy. *See* Dkt. Nos. 6 at 6 of 10; 10 at 2 of 4.

Federal "district courts cannot award relief pursuant to the Texas Declaratory Judgment Act ('TDJA') because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules." *Falk v. Wells Fargo Bank*, No. 3:09-cv-678-B, 2011 WL 3702666, at *4 (N.D. Tex. Aug. 19, 2011) (citing *Utica Lloyd's v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1988) (internal quotation marks omitted). Because this action was removed from state court, "the action may be construed as one brought under the federal Declaratory Judgment Act." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012).

The federal Declaratory Judgment Act ("FDJA") allows a federal court to declare the rights and legal relations of an interest party. 28 U.S.C. §§ 2201-2202; *Hurd*, 880 F. Supp. 2d at 769. The availability of a declaratory judgment, however, "presupposes the existence of a judicially remedial right." *Schilling v. Rogers,* 363 U.S. 666, 677 (1960). Like the TDJA, the FDJA is a procedural device that creates no substantive rights. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). Consequently, the FDJA provides no relief unless there is a justiciable controversy between the parties. *See id.* A plaintiff seeking declaratory relief must therefore allege a "substantial and continuing" controversy:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural,

> hypothetical, or continent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.
>
> Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects. To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Similar reasoning has been applied to suits for declaratory judgments.

*Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations and quotations omitted).

Plaintiffs have failed to allege facts demonstrating a justiciable controversy. Plaintiffs' request for declaratory relief, based on their split-the-note or show-me-the-note theories, fails as a matter of law. *See Summers,* 2012 WL 5944943, at *4-*5 (granting motion to dismiss where a plaintiff's request for declaratory judgment based on "show-me-the-note" and "split-the-note" theories fails as a matter of law). Moreover, there is no continuing controversy or substantial likelihood that Plaintiffs will suffer injury in the future. *See Kazmi v. BAC Home Loans Servicing, L.P.*, No. 4:11-cv-375, 2012 WL 629440, at *15 (E.D. Tex. Feb. 3, 2012). Accordingly, Plaintiffs failed to state a claim for which declaratory relief may be granted.

Plaintiffs' claim to quiet title also fails. In a suit to quiet title, a plaintiff must establish "a right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love,* 321 S.W.3d 517, 531 (Tex. App. – Houston [1st Dist.] 2009, pet. denied). The elements of the cause of action to quiet title are: (1) an interest in specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or

unenforceable. *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App. – Texarkana 1991, writ denied). The plaintiff has the burden ultimately of establishing his "superior equity and right to relief," and like a suit for trespass to try title, the plaintiff must rely on the strength of his or her own title, not the weaknesses of the defendant's title." *Hahn*, 321 S.W.3d at 531. In other words, the plaintiff must prove his "right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Id.*

Plaintiffs do not allege facts that, if proved, would establish their superior title, nor do they allege that they are current on their mortgage payments. Instead, they challenge Defendants' title by arguing that Defendants lack authority to enforce the Deed of Trust and foreclose on the property on the basis of the split-the-note and show-me-the-note theories. Therefore, Plaintiff's quiet title claim fails as a matter of law. *See Summers,* 2012 WL 5944943, at *3 (dismissing claim for suit to quiet title based on similar allegations).

For all these reasons, the undersigned concludes that Plaintiffs have failed to state a claim upon which relief can be granted.

IV.  Amendment of Pleadings

In response to Defendants' Motion to Dismiss, Plaintiffs request to amend their pleadings in the event the Court determines that they have failed to state claim. Plaintiffs argue that it would be reasonable to allow them to amend because this case was originally filed in state court, which has different pleading requirements.

The provision of FED. R. CIV. P. 15(a)(2) that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleading is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Because the undersigned concludes that Plaintiffs' claims are not legally viable, no amount of artful or creative pleading of facts will permit Plaintiffs to state a claim upon which relief can be granted. The undersigned therefore concludes that Plaintiffs cannot set fort any allegations to state a claim upon which relief can be granted regarding their quiet title claim or request for declaratory judgment and that further attempts to amend would be futile and unnecessarily delay the action's resolution.

## Recommendation

The Court should grant Defendants' motion to dismiss [Dkt. No. 5] with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 1, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE