IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOSE S. CHEVEZ and** | § | |
| **ESTERLINA CHEVEZ,** | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. **3:12-CV-3686-L** |
| | § | |
| **HSBC BANK USA, NATIONAL** | § | |
| **ASSOCIATION AS INDENTURE** | § | |
| **TRUSTEE FOR PEOPLES CHOICE** | § | |
| **HOME LOAN SECURITIES TRUST** | § | |
| **SERIES 2005-1, MORTGAGE-BACKED** | § | |
| **NOTES, SERIES 2005-1, and** | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court is Defendants' Motion to Dismiss Plaintiffs' Complaint or Alternatively, Motion for a More Definite Statement, filed September 18, 2012. Defendants' motion was referred to Magistrate Judge David L. Horan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on March 13, 2013, recommending that the action be dismissed with prejudice.*

On March 15, 2013, Plaintiff filed objections to the Report. Plaintiffs contend that the Report: (1) "fails to follow well established Texas law that allows debtors to sue for injunctive and declaratory relief to prevent wrongful foreclosure," "includ[ing] claims by debtors that foreclosing

---

* Plaintiffs have asserted claims to quiet title and for alleged violations of the Texas Business and Commerce Code and Texas Finance Code.  Plaintiffs also seek declaratory relief.  For the first time in their objections, they also contend that they have stated a plausible claim for trespass to try title; however, no such claim is included in Plaintiffs' Original Petition.

**Order – Page 1**

parties have no contractual standing to foreclose"; (2) incorrectly "finds Plaintiffs do not have "standing to challenge the assignment" and that it wrongly proposes dismissal of Plaintiffs' claims for declaratory relief"; (3) mischaracterizes Plaintiffs' pleadings as based on the split-the-note or show-me-the-note theories" when instead "Plaintiffs asserted that [the] note and deed of trust travel together"; (4) incorrectly "states that there is no continuing controversy or substantial likelihood that Plaintiffs will suffer injury in future" and "wrongly proposes dismissal of Plaintiffs' claims for declaratory relief." Pls.' Obj. 4. Plaintiffs also contend that they have pleaded viable claims because they have alleged that they are the "owner[s]" of the property, that Defendants have no interest in the property, and only the lender can invoke the power of sale. Alternatively, Plaintiffs request to amend their pleadings and contend that the sufficiency of their pleadings should have been considered under the Texas Rules of Civil Procedure rather than the Federal Rules of Civil Procedure.

The court has conducted a de novo review of those portions of the Report to which Plaintiffs objected. The court initially notes that Plaintiffs' standing argument misconstrues the Report. The magistrate judge did not determine that Plaintiffs lack standing to challenge the assignments; rather, he addressed Plaintiffs' contention that *Defendants lack standing to foreclose*. Plaintiffs' contention in this regard is therefore without merit.

Plaintiffs' other arguments reflect a misunderstanding of Texas law applicable to nonjudicial foreclosure proceedings. Plaintiffs' claims are based on their contention that Defendants do not have authority under Texas law and the documents at issue to sell and foreclose on the property; however, the Note, Deed of Trust, Assignment, and Substitute Trustee's Deed, which were attached to Defendants' motion to dismiss and form the basis of Plaintiffs' claims, show that Defendants had

authority, as the mortgagee and mortgage servicer, to foreclose and sell the property. Plaintiffs' claims therefore fail as a matter of law, despite Plaintiffs' allegation that they are the owners of the property. Thus, the failure of Plaintiffs' claims is not the result of a failure to plead sufficient facts in support of the claims; rather, the claims fail because they are not supported by Texas law or the documents that form the basis of Plaintiffs' claims. Plaintiffs' contention that the sufficiency of their pleadings is controlled by Texas pleading rules is therefore unavailing.

As to Plaintiffs' request to amend their pleadings, the magistrate judge determined, and the court agrees, that Plaintiffs should not be permitted to amend their pleadings because their "claims are not legally viable, [and] no amount of artful or creative pleading of facts will permit Plaintiffs to state a claim upon which relief can be granted. . . . and that further attempts to amend would be futile." Report. 16. Plaintiffs will therefore not be permitted to amend their pleadings.

Accordingly, after careful consideration of the pleadings, file, record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court therefore **overrules** Plaintiffs' objections and **dismisses with prejudice** this action.

**It is so ordered** this 3rd day of April, 2013.

Sam A. Lindsay
United States District Judge